499 P.2d 644 (1972)
MAJESTIC GREAT WEST SAVINGS AND LOAN ASSOCIATION, a Colorado corporation, and Wittco Properties Company, a partnership, Plaintiffs-Appellees,
v.
Pat REALE, as the County Assessor for the County of Adams, et al., Defendants-Appellants.
No. 70-554.
Colorado Court of Appeals, Div. II.
April 25, 1972.
Rehearing Denied May 16, 1972.
Certiorrai Denied August 8, 1972.
*645 Atler, Haligman & Atler, Edward I. Haligman, Denver, for plaintiffs-appellees.
David Berger, Commerce City, for defendants-appellants.
Selected for official Publication.
ENOCH, Judge.
This is an appeal from a judgment decreasing the assessed value of certain lands and improvements and ordering the Adams County treasurer to refund to Majestic Great West Savings and Loan Association and Wittco Properties Company excess property taxes paid for the years 1967 and 1968. The parties will be referred to by their trial court designations, where Majestic and Wittco were plaintiffs and the Adams County assessor and other officials of Adams County were defendants, or by name.
Majestic acquired the property in question through foreclosure proceedings. In June 1967, Majestic received a notice of assessment from the Adams County assessor. Majestic protested the valuation and the assessor allowed a 10% reduction for economic obsolescence caused by a high vacancy rate. Majestic again protested the assessment, but this time its protest was denied. Subsequent to this denial, Majestic sold the property to Wittco Properties Company. In 1968, Wittco protested the assessed valuation and this protest was also denied. An appeal was thereafter brought in the district court by Majestic and Wittco and, after a trial, judgment was entered in their favor. We affirm.

I.
Defendants allege that the trial court erred in finding that clear and convincing evidence is the degree of proof required to overcome the presumption that an assessment is correct. Defendants' argument is "that the presumption of correctness of the assessment is not overcome by clear and convincing evidence, but only by evidence that establishes that the assessor acted arbitrarily, capriciously or abused his discretion."
Defendants' argument confuses burden of proof with the elements which must be proven. Until 1964, C.R.S.1963, 137-2-35 provided:
"[T]he court shall not review, or give relief against an assessment merely because excessive, unless it shall appear manifestly fraudulent, erroneous or oppressive."
Cases decided while C.R.S.1963, 137-2-35 was in effect held that to overcome the presumption that an evaluation is correct, *646 a taxpayer must show by clear and convincing evidence that the assessment is manifestly excessive, fraudulent or oppressive. See Colorado & Utah Coal Co. v. Rorex, 149 Colo. 502, 369 P.2d 796; Citizens' Committee v. Warner, 127 Colo. 121, 254 P.2d 1005. In 1964, C.R.S.1963, 137-2-35 was repealed and there was reenacted in its place 1965 Perm.Supp., C.R.S.1963, 137-8-6. The new section does not retain the language quoted above and no substitute test was provided. Under 1965 Perm.Supp., C.R.S.1963, 137-8-6, the burden of proof at the time of this trial remained the same, but it was no longer necessary to show the assessment was manifestly excessive, fraudulent or oppressive.

II.
Defendants next contend that the trial court incorrectly determined how much weight the assessor should have given to the various methods of determining the actual value of the property. We find no merit in this argument.
The Adams County assessor was required by 1965 Perm.Supp., C.R.S.1963, 137-1-3(4), to determine the actual value of the property,
". . . by consideration of the following factors, insofar as the same shall be applicable to any property: Location and desirability; functional use; current replacement cost, new, less depreciation; comparison with other properties of known or recognized value; market value in the ordinary course of trade; earning or productive capacity."
This section imposes a duty upon the assessor to consider the applicable factors and to determine the actual value of the affected property. In the present case, the trial court determined that the assessor had not followed the mandate of the statute in that the assessor had disregarded both earning or productive capacity and market value in the ordinary course of trade, and found that these two factors were the most accurate for computing the value of the property in question. This determination is supported by the evidence produced at the trial and must, therefore, be affirmed. Fundingsland v. Colorado Ground Water Commission, 171 Colo. 487, 468 P.2d 835. Though the court based its determination primarily on earning or production capacity and market value, there is evidence in the record that the court considered all the factors set forth in the statute that were applicable to the property in question.

III.
Defendants' next contention is that the trial court erred in failing to give consideration to the constitutional requirement that all assessments shall secure equalized valuations for assessments of similar properties. We find no merit in this allegation. The evaluation of similar properties was not an issue in this case.

IV.
Defendants' final contention is that the trial court did not have the authority to determine the value of the property for assessment purposes. May Stores Shopping Centers, Inc. v. Shoemaker, 151 Colo. 100, 376 P.2d 679, and Colorado & Utah Coal Co. v. Rorex, supra, were cited by defendants in support of this contention, but were decided prior to the adoption of 1965 Perm.Supp., C.R.S.1963, 137-8-7, which provides:
"If upon appeal the appellant shall be sustained, in whole or in part, then upon presentation to the treasurer of a certified copy of the order of judgment modifying the valuation for assessment of his property, he shall forthwith receive the appropriate refund of taxes, together with interest thereon at eight per cent per annum from the date of payment thereof, and a refund of costs in said court ...." (emphasis added)
This section, along with 1965 Perm.Supp., C.R.S.1963, 137-8-6, gives the court authority to determine valuation for assessment purposes.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.